TERRY DAVID MACKIE,            )
                              )
          Plaintiff/Appellee,  )          Appeal No.
                              )          01-A-01-9810-CV-00536
v.                            )
                              )          Wilson Circuit
SARAH CATHERINE MACKIE,        )          No. 1568
                              )
          Defendant/Appellant.  )

**FILED**

September 1, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CIRCUIT COURT FOR WILSON COUNTY
AT LEBANON, TENNESSEE

THE HONORABLE BOBBY CAPERS, JUDGE

CONNIE REGULI
353 Wimpole Drive
Nashville, Tennessee  37211
          ATTORNEY FOR PLAINTIFF/APPELLEE

JAMES ROBIN McKINNEY
STANLEY A. KWELLER
Jackson, Kweller, McKinney
 & Badger
One Washington Square, Suite 103
214 Second Avenue North
Nashville, Tennessee  37201
          ATTORNEY FOR DEFENDANT/APPELLANT

AFFIRMED AS MODIFIED
AND REMANDED

WILLIAM B. CAIN, JUDGE

This case represents an appeal from the grant of divorce upon stipulation of grounds pursuant to Tennessee Code Annotated section 36-4-129. The parties to this action, Terry David Mackie ("Husband"), and Sarah Catherine Campbell Mackie ("Wife") were married on November 6, 1984. Husband filed a complaint in Williamson County Circuit Court on March 6, 1997, seeking divorce on the grounds of inappropriate marital conduct and irreconcilable differences. On March 20, 1997, Wife answered and counterclaimed. In her answer, Wife admitted the ground of irreconcilable differences and alleged inappropriate marital conduct on the part of the Husband. Over the next 14 months the parties participated in successive proceedings regarding pendente lite custody of their severely ill minor child. The case was originally set for trial on June 3, 1997. Both parties agreed to continue the case; each sought a scheduling order for the sequence of discovery. The parties were ordered to attend mediation on February 23, 1998. On May 18, 1998, Husband moved to change pendente lite custody and to compel discovery. This motion was to be heard on June 3, 1998. At the June 3, hearing, in an admittedly unorthodox proceeding, the parties stipulated under oath that each had grounds for divorce. At this point in the hearing, both parties were sent into an antechamber to provide for the division of the marital estate and custody of the child. These negotiations are documented in handwritten notes, signed by the parties and their counsel, and appearing in the record.

The final decree of divorce, entered June 25, 1998, recites the agreement reached by the parties in their impromptu settlement conference and in the court-ordered mediation. However, contrary to the understanding and stipulations of the parties, the trial court granted a divorce on the ground of irreconcilable differences. Inasmuch as this court finds that the divorce granted was in fact and effect a divorce on stipulated grounds as provided in Tennessee Code Annotated section 36-4-129, the decree of divorce is amended to reflect the stipulation.

A divorce granted on stipulated grounds is not of necessity an irreconcilable differences divorce. The statute providing for stipulation of grounds reads in pertinent part as follows:

(a)  In all actions for divorce from the bonds of matrimony or from bed and board, the parties may stipulate as to grounds and/or defenses.

(b)  The court may, upon stipulation to or proof, grant a divorce to the party who was less at fault or, if either or both parties are entitled to a divorce, declare the parties to be divorced, rather than awarding a divorce to either party alone.

Tenn. Code Ann. § 36-4-129 (1996).

The above section allows stipulation as to any ground.  The true problem in this case lies in the requirements placed upon the parties involved and the court which seeks to grant a divorce based on irreconcilable differences.  This record discloses neither an executed marital dissolution agreement nor any affirmative findings pursuant to Tennessee Code Annotated section 36-4-103 (1996).  Both parties alleged "fault" as well as "no-fault" grounds.  All other elements of this case being equal, were the parties to have alleged solely "inappropriate marital conduct", for example, there would be no question that the parties intended to stipulate as to those grounds, allowing the court the option provided in section 36-4-101.  In the absence of the appropriate irreconcilable differences procedure and in the presence of stipulated commonly-alleged grounds, we must conclude that the trial court inadvertently listed irreconcilable differences as the ground for the Mackies' divorce.  No proof other than the stipulation was taken.  As a result the decree of the court below can only operate as a grant of divorce under Tennessee Code Annotated section 36-4-129.

Wife would argue that the stipulation on the record does not rise to the level of dignity envisioned by the statute.  There is, however, no other authority interpreting the plain words of section 36-4-129(b).  The stipulation of the parties is on the record.  The parties expressed a willingness to negotiate in open court.  The parties adjourned to "work it out."  Although not necessarily required, no contemporaneous objection to this procedure appears in the record.  Upon our *de novo* review of the record, we find the only error in the decree of the court to be the inadvertent listing of "irreconcilable differences" as grounds for the divorce.  Other than the stipulation in open court, there is no other transcript of the evidence in this case.  In the absence of such a record, we must conclude the other findings in the decree to be supported by the facts.  *See Sherrod v. Wix*, 849

S.W.2d 780, 783 (Tenn. App. 1992).

The decree of divorce is modified to reflect a stipulation as to the grounds alleged in the parties' pleadings *instead* of irreconcilable differences. The case is affirmed as modified and remanded to the trial court for further proceedings not inconsistent with this opinion, and such further proceedings as may be required by the trial court in its continuing control over the custody and welfare of the minor child.

In our discretion costs are divided equally between the parties.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:

_____
BEN H. CANTRELL, P.J., M.S.

_____
PATRICIA J. COTTRELL, JUDGE